NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 22, 2016[*]
Decided February 24, 2016

Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-2646 | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| ABDUWALI ABDUKHADIR MUSE, *Petitioner-Appellant,* | |
| *v.* | |
| CHARLES A. DANIELS, Warden, FCI Terre Haute, *Respondent-Appellee.* | No. 2:15-cv-00213-JMS-DKL Jane E. Magnus-Stinson, *Judge.* |

**Order**

Abduwali Muse pleaded guilty to piracy, 18 U.S.C. §2280, among other crimes, for his role in boarding the *MV Maersk Alabama* in 2009 in international waters off the coast of Somalia and taking its captain hostage.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Muse initially told federal agents that he was 16 at the time of his capture, which created a potential for prosecution under the special rules applicable to juveniles. See 18 U.S.C. §§ 5031–42. The day before a hearing set to determine his age, Muse told an FBI agent that he was between 18 and 19. At the hearing Muse refused to testify. Magistrate Judge Peck, of the Southern District of New York, concluded that Muse was at least 18 when the crime occurred, which led to his prosecution as an adult. He pleaded guilty and was sentenced to 405 months' imprisonment. The plea agreement contains a clause promising "not to seek to withdraw his guilty plea or file a direct appeal or any kind of collateral attack challenging his guilty plea or conviction based on his age either at the time of the charged conduct or at the time of the guilty plea."

Notwithstanding the waiver, Muse filed a proceeding under 28 U.S.C. §2255 asking the Southern District of New York to set aside his conviction on the grounds that a magistrate judge lacked authority to decide whether he was an adult in 2009 and that his lawyer furnished ineffective assistance by not pursuing that question vigorously. Chief District Judge Preska denied the motion, relying on the waiver in the plea agreement. Muse appealed, but the Second Circuit declined to issue a certificate of appealability. Turning to the Southern District of Indiana, where he is imprisoned, Muse filed a petition for a writ of habeas corpus under 28 U.S.C. §2241. Again he lost, this time because the district court concluded that §2255(e) applies.

Section 2255(e) provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc), discusses when §2255 as a whole is "inadequate or ineffective to test the legality of" federal detention. The district court properly concluded that Muse has not identified any deficiency or inadequacy in §2255. The reason he could not contest the magistrate judge's decision has nothing to do with §2255. It is, instead, the consequence of his own decision to waive any entitlement to raise the age issue on collateral attack. That waiver would apply equally in a proceeding under §2241, had not §2255(e) taken precedence.

Muse's brief in this court ignores his waiver and §2255(e) alike. Instead he presents an argument about the extent to which 28 U.S.C. §636(b)(1)(A) permits magistrate judges to resolve contests about criminal defendants' ages. The brief thus gives us no reason to question the district court's decision.

AFFIRMED